B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>**Middle District of Florida** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Gillispie, Harold Junior** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Gillispie, Cheryl Lynn** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA J R Gillispie** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-9717** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-0219** |
| Street Address of Debtor (No. and Street, City, and State):<br>**51 Tee View Terrace**<br>**Rotonda West, FL**<br>ZIP Code **33947** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**51 Tee View Terrace**<br>**Rotonda West, FL**<br>ZIP Code **33947** |
| County of Residence or of the Principal Place of Business:<br>**Charlotte** | County of Residence or of the Principal Place of Business:<br>**Charlotte** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                                                                          **Page 2**

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Gillispie, Harold Junior**<br>**Gillispie, Cheryl Lynn** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Joseph A. Heintz Jr., P.A.          August  5, 2013**<br> Signature of Attorney for Debtor(s)                    (Date)<br>    **Joseph A. Heintz Jr., P.A. 0256020** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                    **Page 3**

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Gillispie, Harold Junior**<br>**Gillispie, Cheryl Lynn** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Harold Junior Gillispie**
Signature of Debtor  **Harold Junior Gillispie**

X **/s/ Cheryl Lynn Gillispie**
Signature of Joint Debtor **Cheryl Lynn Gillispie**

Telephone Number (If not represented by attorney)

**August  5, 2013**
Date

### Signature of Attorney*

X **/s/ Joseph A. Heintz Jr., P.A.**
Signature of Attorney for Debtor(s)

**Joseph A. Heintz Jr., P.A. 0256020**
Printed Name of Attorney for Debtor(s)

**The Law Offices of Joseph A. Heintz Jr., P.A.**
Firm Name
**335 Tamiami Trail**
**Port Charlotte, FL 33953**

Address

**Email: jheintz@jheintzlaw.com**
**(941)206-2228  Fax: (941)206-2229**
Telephone Number

**August  5, 2013**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Middle District of Florida

In re    **Harold Junior Gillispie**
       **Cheryl Lynn Gillispie**

Case No. _____

Debtor(s)      Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Harold Junior Gillispie**

**Harold Junior Gillispie**

Date:   **August  5, 2013**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Middle District of Florida

In re   **Harold Junior Gillispie**
     **Cheryl Lynn Gillispie**                           Case No. _____

                                           Debtor(s)            Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

□ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Cheryl Lynn Gillispie**
                        **Cheryl Lynn Gillispie**

Date:    **August  5, 2013**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Middle District of Florida

In re   **Harold Junior Gillispie,**
       **Cheryl Lynn Gillispie,**

                                      Debtors

Case No. _____

Chapter _____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 115,900.00 | | |
| B - Personal Property | Yes | 4 | 9,782.50 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 327,398.66 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 20 | | 186,656.68 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 2 | | | 5,276.60 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 5,506.00 |
| Total Number of Sheets of ALL Schedules | | 34 | | | |
| Total Assets | | | 125,682.50 | | |
| Total Liabilities | | | | 514,055.34 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Middle District of Florida

In re **Harold Junior Gillispie,**
**Cheryl Lynn Gillispie,**

Case No. _____

_____,
Debtors

Chapter_____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,276.60 |
| Average Expenses (from Schedule J, Line 18) | 5,506.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 5,514.10 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 210,848.66 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 186,656.68 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 397,505.34 |

B6A (Official Form 6A) (12/07)

.

In re    **Harold Junior Gillispie,**                                 Case No. _____
              **Cheryl Lynn Gillispie**

                                          Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **3730 Crandon Road, North Port, FL  34286 a/k/a LOT 4 BLK 1184 REPLAT OF PORTION OF 17TH & 19TH ADDS TO PORT CHARLOTTE** | | J | 115,900.00 | 325,638.00 |

| | | |
|---|---|---|
| Sub-Total > | 115,900.00 | (Total of this page) |
| Total > | 115,900.00 | |
| | (Report also on Summary of Schedules) | |

__0__   continuation sheets attached to the Schedule of Real Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                         Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    **Harold Junior Gillispie,**                                                          Case No. _____
         **Cheryl Lynn Gillispie,**
                                                                    ,
                                   Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash on hand** | J | 50.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Regions Bank, 13455 McCall Road, Port Charlotte, FL  33981-6419 checking account #01469090xx** | J | 50.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | **Charlotte County - security deposit** | J | 150.00 |
| | | **Pineapple Gulf Property Management - security deposit for home** | J | 1,150.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **dishes, pots, pans, utensils, glasses and assorted kitchenware $50,  2 beds $200, king bed $500,  3 dressers $150, 3 nightstands $60, chairs $25, coffee table $25, table & chairs $150, hutch $100, lamps $50, 2 side tables $40, CD's $25, clocks $25, DVD's $50, 6 year old computer $100, cell phones $50, TV #1 (6 years old) $150, TV #2 $100, TV #3 $25 (very old), DVD player $25, outdoor grill (6 years old) $25, sewing machine (20 years old) $25, washer & dryer $250, carpentry tools $100, gardening tools $50, lawn mower $50** | J | 2,400.00 |
| | | **Sofa $500, recliner $150** | J | 650.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Wearing apparel** | J | 200.00 |
| 7.  Furs and jewelry. | | **Wedding rings $200, men's jewelry $50, women's jewelry $100, watches $25** | J | 375.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **Camera $75, bicycle $100, treadmill $75** | J | 250.00 |

|  | Sub-Total ><br>(Total of this page) | 5,275.00 |
|---|---|---|

__3__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Harold Junior Gillispie,**                                                    Case No. _____
         **Cheryl Lynn Gillispie,**

_____,
                            Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |

Sub-Total >                    **0.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Harold Junior Gillispie,**                                    Case No. _____
      **Cheryl Lynn Gillispie**

                                        Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2005 Chevy Malibu LT (per appraisal)** | W | 2,525.00 |
| | | **2005 Chevy Colorado Base (owned with son, Justin Gillispie) per appraisal** | H | 1,962.50 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **one 16 year old dog and one 18 year old dog** | J | 20.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |

|  |  |
|---|---|
| Sub-Total > | **4,507.50** |
| (Total of this page) | |

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re    **Harold Junior Gillispie,**
       **Cheryl Lynn Gillispie**                                      Case No. _____

                                       Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

Total >    **9,782.50**

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com             Best Case Bankruptcy

B6C (Official Form 6C) (4/13)

In re    **Harold Junior Gillispie,**             Case No. _____
        **Cheryl Lynn Gillispie**
                                                          ,
                                 Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                         $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                              *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Cash on Hand** | | | |
| Cash on hand | Fla. Stat. Ann. § 222.25(4) | 50.00 | 50.00 |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Regions Bank, 13455 McCall Road, Port Charlotte, FL  33981-6419 checking account #01469090xx | Fla. Stat. Ann. § 222.11(2)(b) | 50.00 | 50.00 |
| | | | |
| **Security Deposits with Utilities, Landlords, and Others** | | | |
| Charlotte County - security deposit | Fla. Const. art. X, § 4(a)(2) | 150.00 | 150.00 |
| | | | |
| Pineapple Gulf Property Management - security deposit for home | Fla. Stat. Ann. § 222.25(4) <br> Fla. Const. art. X, § 4(a)(2) | 1,000.00 <br> 150.00 | 1,150.00 |
| | | | |
| **Household Goods and Furnishings** | | | |
| dishes, pots, pans, utensils, glasses and assorted kitchenware $50,  2 beds $200, king bed $500,  3 dressers $150, 3 nightstands $60, chairs $25, coffee table $25, table & chairs $150, hutch $100, lamps $50, 2 side tables $40, CD's $25, clocks $25, DVD's $50, 6 year old computer $100, cell phones $50, TV #1 (6 years old) $150, TV #2 $100, TV #3 $25 (very old), DVD player $25, outdoor grill (6 years old) $25, sewing machine (20 years old) $25, washer & dryer $250, carpentry tools $100, gardening tools $50, lawn mower $50 | Fla. Const. art. X, § 4(a)(2) <br> Fla. Stat. Ann. § 222.25(4) | 1,300.00 <br> 1,100.00 | 2,400.00 |
| | | | |
| **Wearing Apparel** | | | |
| Wearing apparel | Fla. Const. art. X, § 4(a)(2) | 200.00 | 200.00 |
| | | | |
| **Furs and Jewelry** | | | |
| Wedding rings $200, men's jewelry $50, women's jewelry $100, watches $25 | Fla. Stat. Ann. § 222.25(4) | 375.00 | 375.00 |
| | | | |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Camera $75, bicycle $100, treadmill $75 | Fla. Stat. Ann. § 222.25(4) | 250.00 | 250.00 |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2005 Chevy Malibu LT (per appraisal) | Fla. Stat. Ann. § 222.25(1) <br> Fla. Stat. Ann. § 222.25(4) | 1,000.00 <br> 1,525.00 | 2,525.00 |
| | | | |
| 2005 Chevy Colorado Base (owned with son, Justin Gillispie) per appraisal | Fla. Stat. Ann. § 222.25(1) <br> Fla. Stat. Ann. § 222.25(4) | 1,000.00 <br> 962.50 | 3,925.00 |
| | | | |
| **Animals** | | | |
| one 16 year old dog and one 18 year old dog | Fla. Stat. Ann. § 222.25(4) | 20.00 | 20.00 |
| | Total: | 9,132.50 | 11,095.00 |

 **0**  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re **Harold Junior Gillispie,**                         Case No. _____
        **Cheryl Lynn Gillispie**

                                                Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **799-799125xxxx** <br><br> **Badcock & More** <br> **PO Box 1034** <br> **Mulberry, FL 33860** | J | | | **Purchase Money Security** <br><br> **Sofa $500, recliner $150** | | | | | |
| | | | | Value $         **650.00** | | | | 1,760.66 | 1,110.66 |
| Account No. **200043xxxx** <br><br> **Residential Credit Solutions** <br> **4282 North Fwy** <br> **Fort Worth, TX 76137** | J | | | 9/2006 <br> **First Mortgage** <br> **3730 Crandon Road, North Port, FL 34286 a/k/a LOT 4 BLK 1184 REPLAT OF PORTION OF 17TH & 19TH ADDS TO PORT CHARLOTTE** | | | | | |
| | | | | Value $    **115,900.00** | | | | 325,638.00 | 209,738.00 |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

   **0**    continuation sheets attached

| | | |
|---|---|---|
| Subtotal <br> (Total of this page) | 327,398.66 | 210,848.66 |
| Total <br> (Report on Summary of Schedules) | 327,398.66 | 210,848.66 |

B6E (Official Form 6E) (4/13)

.

In re    **Harold Junior Gillispie,**
         **Cheryl Lynn Gillispie**                                                                    Case No. _____

_____,
                              Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**0**    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Harold Junior Gillispie,**                                               Case No. _____
         **Cheryl Lynn Gillispie**
                                                                                    ,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **10040441** <br><br> **Advanced Imaging** <br> **2625 Tamiami Trail STE 1** <br> **Port Charlotte, FL 33952** | | H | **11/2008** <br> **Medical Expenses** | | | | **227.63** |
| Account No. **10044087** <br><br> **Advanced Imaging** <br> **2625 Tamiami Trail STE 1** <br> **Port Charlotte, FL 33952** | | W | **9/2010** <br> **Medical Expenses** | | | | **419.70** |
| Account No. **HPZH25883362** <br><br> **Advanced Imaging** <br> **2625 Tamiami Trail STE 1** <br> **Port Charlotte, FL 33952** | | W | **Medical Expenses** | | | | **347.00** |
| Account No. **10040441** <br><br> **Advanced Imaging** <br> **2625 Tamiami Trail STE 1** <br> **Port Charlotte, FL 33952** | | J | **Medical Expenses** | | | | **227.63** |

| | | |
|---|---|---|
| __**19**__ continuation sheets attached | Subtotal <br> (Total of this page) | **1,221.96** |

B6F (Official Form 6F) (12/07) - Cont.

In re **Harold Junior Gillispie,**                                     Case No. _____
      **Cheryl Lynn Gillispie,**

                                      Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Allied Interstate** <br>**435 Ford Road** <br>**Minneapolis, MN 55426** | | J | **Collection Acct/Peace River Regional** | | | | <br><br><br>128.00 |
| Account No. **02990771xxxx** <br><br>**Ally Financial** <br>**PO Box 380901** <br>**Minneapolis, MN 55438-0901** | | H | **3/2005** <br>**Reposession** | | | | <br><br><br>0.00 |
| Account No. **G1ZLCA000** <br><br>**Alvaro R. Bada, MD, PA** | | W | **Medical Expenses** | | | | <br><br><br>20.00 |
| Account No. **366** <br><br>**Ameripath SW Florida** <br>**1620 Medical Ln** <br>**Ste 100** <br>**Fort Myers, FL 33907** | | H | **5/2009** <br>**Medical Expenses** | | | | <br><br><br>20.00 |
| Account No. **418586357448xxxx** <br><br>**Arrow Financial Services** <br>**5996 W. Touhy Ave** <br>**Niles, IL 60714-4610** | | J | **Collection Account-Providian Bank** | | | | <br><br><br>2,107.81 |

Sheet no. __1__ of __19__ sheets attached to Schedule of                        Subtotal
Creditors Holding Unsecured Nonpriority Claims                             (Total of this page) | 2,275.81

B6F (Official Form 6F) (12/07) - Cont.

In re   **Harold Junior Gillispie,**
      **Cheryl Lynn Gillispie,**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **122624869** <br><br> **Asset Acceptance** <br> **PO Box 1630** <br> **Warren, MI 48090** | | W | **Collection Account-GE Money Bank** | | | | 16,647.04 |
| Account No. **523005267211** <br><br> **ATT Mobility** <br> **PO Box 536216** <br> **Atlanta, GA 30353** | | H | **2001** <br> **Utility (Phone, electric, etc.)** | | | | 1,423.97 |
| Account No. <br><br> **Bruce Kruglick, M.D.** <br> **c/o Sarasota Memorial Health** <br> **1700 S. Tamiami Trail** <br> **Sarasota, FL 34239** | | J | **3/2011** <br> **Medical Expenses** | | | | **Unknown** |
| Account No. **1161278** <br><br> **Capio Partners** <br> **2222 Texoma Pkwy** <br> **Ste 150** <br> **Sherman, TX 75091** | | J | **12/2012** <br> **Collection Account-Englewood Community Hospital** | | | | 109.00 |
| Account No. **60353201684xxxx** <br><br> **Capital Managemen** <br> **726 Exchange St** <br> **Suite 700** <br> **Buffalo, NY 14210** | | H | **Collection Account/Citi Bank** | | | | 3,313.72 |

Sheet no. __**2**__ of __**19**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

21,493.73

B6F (Official Form 6F) (12/07) - Cont.

In re  **Harold Junior Gillispie,**
    **Cheryl Lynn Gillispie**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **601138000630xxxx**  **Capital One** **PO Box 30281** **Salt Lake City, UT 84130** | | H | | **11/2006** **Credit card purchases** | | | | **2,009.00** |
| Account No. **5488976501733xxxx**  **Capital One** **PO Box 30281** **Salt Lake City, UT 84130** | | H | | **9/2007** **Credit card purchases** | | | | **1,460.00** |
| Account No. **549109861312xxxx**  **Capital One** **PO Box 30281** **Salt Lake City, UT 84130** | | H | | **9/2007** **Credit card purchases** | | | | **1,920.00** |
| Account No. **9414232853081209**  **CBCS** **236 East Town Street** **Columbus, OH 43215** | | W | | **Collection Account** | | | | **378.44** |
| Account No. **CHA4376231**  **Charlotte Harbor Anesthesia** **PO Box 20042** **Saint Petersburg, FL 33742** | | W | | **11/2010** **Medical Expenses** | | | | **74.20** |

Sheet no. __3__ of __19__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**5,841.64**

B6F (Official Form 6F) (12/07) - Cont.

In re **Harold Junior Gillispie,**
     **Cheryl Lynn Gillispie**                                    Case No. _____

_____,
                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **CHA254**<br><br>**Charlotte Harbor Anesthesia**<br>**PO Box 20042**<br>**Saint Petersburg, FL 33742** | | J | **1/2008**<br>**Medical Expenses** | | | | 95.40 |
| Account No. **86780**<br><br>**Charlotte Orthopaedic Clinic**<br>**4161 Tamiami Trail**<br>**Port Charlotte, FL 33952** | | W | **Medical Expenses** | | | | 30.00 |
| Account No.<br><br>**Charlotte Regional Med Ctr**<br>**809 E. Marion Avenue**<br>**Punta Gorda, FL 33950** | | H | **2009**<br>**Medical Expenses** | | | | 100.00 |
| Account No. **418586357448xxxx**<br><br>**Chase Bank/Washington Mutual**<br>**800 Brooksedge Blvd.**<br>**Westerville, OH 43081** | | W | **2007**<br>**Credit card purchases** | | | | 2,076.00 |
| Account No. **6035320168464186**<br><br>**Citibank**<br>**Customer Service**<br>**PO Box 6500**<br>**Sioux Falls, SD 57117** | | H | **2005**<br>**Credit card purchases** | | | | 2,352.63 |

Sheet no. __**4**___ of __**19**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

4,654.03

B6F (Official Form 6F) (12/07) - Cont.

In re **Harold Junior Gillispie,**  Case No. _____
**Cheryl Lynn Gillispie**
_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **90015366090**  **Citifinancial** **300 Saint Paul St** **BSP13A** **Baltimore, MD 21202-2120** | | W | | **8/2009** **Personal Loan** | | | | **3,037.00** |
| Account No. **603259025561xxxx**  **Citifinancial Retail Svcs** **PO Box 22060** **Tempe, AZ 85285-2060** | | W | | **3/2008** **Credit card purchases** | | | | **3,404.86** |
| Account No. **601138000630xxxx**  **Direct Merchants Bank** **PO Box 29468** **Phoenix, AZ 85038-9468** | | H | | **2005** **Credit card purchases** | | | | **2,009.00** |
| Account No. **50639140**  **Direct TV** **PO Box 538605** **Atlanta, GA 30353-8605** | | H | | **9/2006** **Utility (Phone, electric, etc.)** | | | | **1,130.68** |
| Account No. **GILLIS001**  **Dr. Mark S. Tracy** **3028 Carring Way** **St. 9** **Port Charlotte, FL 33952** | | W | | **10/2010** **Medical Expenses** | | | | **37.69** |

Sheet no. __5__ of __19__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**9,619.23**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Harold Junior Gillispie,**
       **Cheryl Lynn Gillispie,**
_____,
                                            Debtors

Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **24955** <br><br> **Elizabeth F. Callahan, MD** <br> **5911 N. Honore Ave** <br> **Sarasota, FL 34243** | | W | 3/2010 <br> Medical Expenses | | | | 86.13 |
| Account No. <br><br> **Enhanced Recovery** <br> **8014 Bayberry Rd.** <br> **Jacksonville, FL 32256** | | H | Collection Accounty/AT&T | | | | 1,936.59 |
| Account No. 3786873 <br><br> **Eye Glass World** <br> **2241 Tamiami Trail** <br> **Port Charlotte, FL 33948** | | W | Medical Expenses | | | | 31.08 |
| Account No. 7338850 <br><br> **Financial Corp of America** <br> **12515 Research Park Loop** <br> **Austin, TX 78759** | | J | Collection Account | | | | 109.67 |
| Account No. 451518 <br><br> **Florida Cancer Specialists** <br> **4371 Veronica S. Shoemaker Blvd.** <br> **Fort Myers, FL 33916** | | H | 11/2008 <br> Medical Expenses | | | | 1,600.00 |

Sheet no. __6__ of __19__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,763.47

B6F (Official Form 6F) (12/07) - Cont.

In re    **Harold Junior Gillispie,**
      **Cheryl Lynn Gillispie,**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **851002220051**<br><br>**Florida Regional Emergency Associates**<br>**PO Box 919098**<br>**Orlando, FL 32891-9098** | | W | **2/2010**<br>**Medical Expenses** | | | | **48.60** |
| Account No. **851102010043**<br><br>**Florida Regional Emergency Associates**<br>**PO Box 919098**<br>**Orlando, FL 32891-9098** | | J | **2/2011**<br>**Medical Expenses** | | | | **175.91** |
| Account No. **27774485**<br><br>**Gary Bonner, MD** | | W | **Medical Expenses** | | | | **Unknown** |
| Account No. **601919150069xxxx**<br><br>**GECRB/Bankruptcy**<br>**PO Box 103104**<br>**Roswell, GA 30076** | | J | **2007**<br>**Credit card purchases** | | | | **9,795.57** |
| Account No. **029-9075-69219**<br><br>**GMAC**<br>**PO Box 7041**<br>**Troy, MI 48007-7041** | | H | **5/2005**<br>**Reposession** | | | | **3,509.24** |

Sheet no. __7__ of __19__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**13,529.32**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Harold Junior Gillispie,**
      **Cheryl Lynn Gillispie**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **199999021979xxxx** <br><br> **Great Lakes Higher Ed** <br> **PO Box 7860** <br> **Madison, WI 53707** | X | W | | **12/2008** <br> **Student Loan** | | | | **7,170.00** |
| Account No. <br><br> **Gulf Coast Collection** <br> **5630 Marquesas Circle** <br> **Sarasota, FL 34233** | | J | | **Collection Acct/Skinsmart Dermatology** | | | | **86.00** |
| Account No. <br><br> **Gulf Coast Collection Bureau** <br> **5630 Marquesas Cir** <br> **Sarasota, FL 34233** | | H | | **2007** <br> **Collection Acct/Paradise Dental** | | | X | **410.00** |
| Account No. **5080537** <br><br> **Gulf Coast Collection Bureau** <br> **5630 Marquesas Cir** <br> **Sarasota, FL 34233-3331** | | J | | **9/2010** <br> **Collection Account-North Port Emergency Assoc.** | | | | **255.00** |
| Account No. **ENG07338850** <br><br> **Gulf Coast Emergency Phys** <br> **PO Box 12370** <br> **Oklahoma City, OK 73157-2370** | | W | | **Medical Expenses** | | | | **99.29** |

Sheet no. __8__ of __19__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**8,020.29**

B6F (Official Form 6F) (12/07) - Cont.

In re **Harold Junior Gillispie,**  Case No. _____
      **Cheryl Lynn Gillispie,**
_____,
                          Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. **G1LCH001** | | W | | Medical Expenses | | | | |
| **Gulf Coast Optometry** 2241 Tamiami Trail Port Charlotte, FL 33948 | | | | | | | | 30.00 |
| Account No. **31850006161575** | | H | | 2005 Credit card purchases | | | | |
| **HFC** PO Box 5608 Glendale Heights, IL 60139 | | | | | | | | 11,520.96 |
| Account No. **603532016846xxxx** | | H | | 2/2005 Credit card purchases | | | | |
| **Home Depot Credit Services** PO Box 653000 Dallas, TX 75265-3000 | | | | | | | | 2,208.28 |
| Account No. **548897501733xxxx** | | H | | 2005 Credit card purchases | | | | |
| **Household Bank Mastercard** PO Box 96706 Las Vegas, NV 89193 | | | | | | | | 1,854.00 |
| Account No. **5488-9750-1733-xxxx** | | H | | Credit card purchases | | | | |
| **Household Credit Svs** PO Box 98706 Las Vegas, NV 89193 | | | | | | | | 1,460.00 |

Sheet no. __9__ of __19__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) **17,073.24**

B6F (Official Form 6F) (12/07) - Cont.

In re **Harold Junior Gillispie,**
  **Cheryl Lynn Gillispie,**
_____,
                                        Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 3113010015xxxx<br><br>**Household Finance Corp.**<br>**1421 Kristina Way**<br>**Chesapeake, VA 23320-8917** | | H | 11/2004<br>**Credit card purchases** | | | | 9,838.00 |
| Account No. 515592000131xxxx<br><br>**HSBC Bank**<br>**PO Box 5222**<br>**Carol Stream, IL 60197-5222** | | J | 2008<br>**Credit card purchases** | | | | 3,828.30 |
| Account No.<br><br>**Kay O'Leary, DDS**<br>**2286 Tamiami Trail**<br>**Port Charlotte, FL 33952** | | J | 2007<br>**Dental Expenses** | | | | 2,341.00 |
| Account No.<br><br>**Kay O'Leary, DDS**<br>**2286 Tamiami Trail**<br>**Port Charlotte, FL 33952** | | J | 2008<br>**Dental Expenses** | | | | 1,025.00 |
| Account No. 29833-F<br><br>**Light Ideas, Inc.**<br>**1089 B. Tamiami Trail**<br>**Port Charlotte, FL 33953** | | J | 2006<br>**Light Fixtures** | | | | 92.44 |

Sheet no. __10__ of __19__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

17,124.74

B6F (Official Form 6F) (12/07) - Cont.

In re   **Harold Junior Gillispie,**                                   Case No. _____
           **Cheryl Lynn Gillispie**

_____ ,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C — Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 0827728A803687 <br><br> **LVNV Funding LLC** <br> **PO Box 10497** <br> **Greenville, SC 29603** | | H | Collection Account/HSBC | | | | 3,367.00 |
| Account No. 418586357448xxxx <br><br> **LVNV Funding LLC** <br> **PO Box 10497** <br> **Greenville, SC 29603-0584** | | W | 9/2011 <br> Collection Account-Washington Mutual | | | | 3,178.00 |
| Account No. 4186588 <br><br> **Merchants Assoc Collection** <br> **134 S. Tampa St** <br> **Tampa, FL 33602** | | W | 9/2008 <br> Collection Account-Bernard Tortorice MD | | | | 95.00 |
| Account No. 8546212122 <br><br> **Midland Funding LLC** <br> **8875 Aero Dr** <br> **STE 200** <br> **San Diego, CA 92123** | | W | 1/2012 <br> Collection Account-Citifinancial | | | | 4,555.00 |
| Account No. 8530724649 <br><br> **Midland Funding LLC** <br> **8875 Aero Dr** <br> **STE 200** <br> **San Diego, CA 92123** | | H | 4/2009 <br> Collection Account | | | | 22,022.00 |

Sheet no. __11__ of __19__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)      **33,217.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Harold Junior Gillispie,**                                              Case No. _____
       **Cheryl Lynn Gillispie**

_____,
                                 Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **854621xxxx** | | | | Collection/Citifinancial | | | | |
| **Midland Funding LLC** **8875 Aero Dr** **STE 200** **San Diego, CA 92123** | | J | | | | | | 4,251.00 |
| Account No. **8033150221** | | | | Collection Account | | | | |
| **Mitchell D. Bluhm & Assoc.** **2222 Texoma Pkwy** **Ste 160** **Sherman, TX 75090** | | J | | | | | | 2,151.11 |
| Account No. **8278074677** | | | | Collection Account | | | | |
| **Mitchell D. Bluhm & Assoc.** **2222 Texoma Pkwy** **Ste 160** **Sherman, TX 75090** | | J | | | | | | 100.00 |
| Account No. **110-11895445** | | | | 7/2009 Medical Expenses | | | | |
| **Moffit Cancer Center** **PO Box 100115** **Atlanta, GA 30384-0115** | | H | | | | | | 584.48 |
| Account No. **110-11895445** | | | | 9/2009 Medical Expenses | | | | |
| **Moffitt Medical Group** **PO Box 198441** **Atlanta, GA 30384** | | H | | | | | | 427.56 |

Sheet no. __12__ of __19__ sheets attached to Schedule of        Subtotal        7,514.15
Creditors Holding Unsecured Nonpriority Claims              (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Harold Junior Gillispie,**
       **Cheryl Lynn Gillispie**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **5491-0986-1312-2604** <br><br> **National American Credit** <br> **PO Box 803** <br> **Langhorne, PA 19047** | | H | | **Collection Account** | | | | **4,781.60** |
| Account No. **5155-9200-0131-xxxx** <br><br> **NCB Management Svs.** <br> **1 Allied Dr** <br> **Trevose, PA 19053** | | J | | **Collection Account-HSBC** | | | | **5,193.00** |
| Account No. **117xxxx** <br><br> **New York Community Bank** <br> **1801 E 9th St** <br> **Ste 200** <br> **Cleveland, OH 44114** | | W | | **9/2006** | | | | **0.00** |
| Account No. **00820000011811** <br><br> **North Port Emergency Assoc.** <br> **PO Box 919274** <br> **Orlando, FL 32891** | | J | | **1/17/2010** <br> **Medical Expenses** | | | | **16.08** |
| Account No. **00820000010407** <br><br> **North Port Emergency Assoc.** <br> **PO Box 919274** <br> **Orlando, FL 32891** | | J | | **12/22/2010** <br> **Medical Expenses** | | | | **255.00** |

Sheet no. **_13_** of **_19_** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**10,245.68**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Harold Junior Gillispie,**
     **Cheryl Lynn Gillispie,**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **F68936163** <br><br> **Northland Group** <br> **PO Box 390846** <br> **Minneapolis, MN 55439** | | W | **Collection/Citibank** | | | | 3,013.62 |
| Account No.  **F55746852** <br><br> **Northland Group** <br> **PO Box 390846** <br> **Minneapolis, MN 55439** | | J | **Collection/Citibank** | | | | 3,102.11 |
| Account No.  **F37435868** <br><br> **Northland Group** <br> **PO Box 390846** <br> **Minneapolis, MN 55439** | | J | **March 2010** <br> **Credit card purchases** | | | | 2,536.40 |
| Account No.  **F55746952** <br><br> **Northland Group** <br> **PO Box 390846** <br> **Minneapolis, MN 55439** | | J | **Credit card purchases** | | | | 3,043.91 |
| Account No.  **0017728000** <br><br> **Northport Emergency Assoc.** <br> **PO Box 919274** <br> **Orlando, FL 32891-9274** | | W | **Medical Expenses** | | | | 31.13 |

Sheet no. __**14**__ of __**19**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

11,727.17

B6F (Official Form 6F) (12/07) - Cont.

In re  **Harold Junior Gillispie,**
      **Cheryl Lynn Gillispie,**

                                      Debtors

Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. **G10086** <br><br> **Panther Haollow Denal Lodge** <br> **19240 Quesada** <br> **Port Charlotte, FL 33948** | | | W | | Medical Expenses | | | | 287.00 |
| Account No. **GILCH001** <br><br> **Patricia A. Jasionowski MD** <br> **21229 Olean Blvd.** <br> **Suite C** <br> **Port Charlotte, FL 33952** | | | | J | 5/2009 <br> Medical Expenses | | | | 51.63 |
| Account No. **49891** <br><br> **Patricia Scott, DDS** <br> **3443 A Tamiami Trail** <br> **Port Charlotte, FL 33952** | | | | J | Medical Expenses | | | | 450.00 |
| Account No. **0009564-0000001** <br><br> **Peace River Reg Med Ctr** <br> **PO Box 494820** <br> **Port Charlotte, FL 33949** | | | W | | 1/2008 <br> Medical Expenses | | | | 735.84 |
| Account No. **3150221** <br><br> **Peace River Reg Med Ctr** <br> **2500 Harbor Blvd.** <br> **Port Charlotte, FL 33952** | | | W | | 2/2010 <br> Medical Expenses | | | | 960.71 |

Sheet no. __15__ of __19__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,485.18

B6F (Official Form 6F) (12/07) - Cont.

In re    **Harold Junior Gillispie,**                                    Case No. _____
         **Cheryl Lynn Gillispie**

_____,
                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **4376231** <br><br> **Peace River Reg Med Ctr** <br> **2500 Harbor Blvd.** <br> **Port Charlotte, FL 33952** | | J | 10/2010 <br> **Medical Expenses** | | | | 72.99 |
| Account No. **4236435** <br><br> **Peace River Reg Med Ctr** <br> **2500 Harbor Blvd.** <br> **Port Charlotte, FL 33952** | | W | 5/2008 <br> **Medical Expenses** | | | | 6.90 |
| Account No. **3115769** <br><br> **Peace River Reg Med Ctr** <br> **2500 Harbor Blvd.** <br> **Port Charlotte, FL 33952** | | W | 12/2008 <br> **Medical Expenses** | | | | 100.00 |
| Account No. **3175253** <br><br> **Peace River Reg Med Ctr** <br> **2500 Harbor Blvd.** <br> **Port Charlotte, FL 33952** | | J | 2/2011 <br> **Medical Expenses** | | | | 889.72 |
| Account No. **ORS150003150221** <br><br> **Pin Point Radiology** <br> **PO Box 1259** <br> **Oaks, PA 19456** | | J | 2/2010 <br> **Medical Expenses** | | | | 145.62 |

Sheet no. __16__ of __19__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

1,215.23

B6F (Official Form 6F) (12/07) - Cont.

In re **Harold Junior Gillispie,**
         **Cheryl Lynn Gillispie**                                            Case No. _____

_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **Order #165** | | | | 1/2006 | | | | |
| **Precision Water Services, In** **4881 Globe Terrace** **North Port, FL 34286** | | J | | **Water System** | | | | |
| | | | | | | | | **2,550.00** |
| Account No. 3203526 | | | | Collection Account | | | | |
| **Preferred CMS** **PO Box 2964** **Tampa, FL 33601-2964** | | H | | | | | | |
| | | | | | | | | **1,524.00** |
| Account No. **79xxxx** | | | | 04/2007 | | | | |
| **Professional Adjmnt Corp** **14410 Metropolis Ave** **Fort Myers, FL 33912** | | H | | **Collection Account-Dr. Stampar** | | | | |
| | | | | | | | | **199.00** |
| Account No. **796968** | | | | 4/2007 | | | | |
| **Professional Adjmnt Corp** **14410 Metropolis Ave** **Fort Myers, FL 33912** | | W | | **Collection Account/Mendez MD PA** | | | | |
| | | | | | | | | **77.41** |
| Account No. **625009xxxx** | | | | 3/2012 | | | | |
| **Regions Bank** **PO Box 11007** **Birmingham, AL 35288-0002** | | W | | **Line of Credit** | | | | |
| | | | | | | | | **500.00** |

Sheet no. __17__ of __19__ sheets attached to Schedule of                      Subtotal
Creditors Holding Unsecured Nonpriority Claims                          (Total of this page)         **4,850.41**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Harold Junior Gillispie,**
        **Cheryl Lynn Gillispie**
                                               ,

Case No. _____

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> Richard E. Wereman <br> Radiologist <br> 1700 S. Tamiami Trail <br> Sarasota, FL 34239 | | J | 3/2011 <br> Medical Expenses | | | | Unknown |
| Account No. 2183252 <br><br> Sarasota Memorial Hospital <br> 1700 S. Tamiami Trail <br> Sarasota, FL 34239 | | W | 3/2011 <br> Medical Expenses | | | | Unknown |
| Account No. 4767*418979641 <br><br> SMH Radiology Assoc PA <br> PO Box 919084 <br> Orlando, FL 32891-9084 | | W | Medical Expenses | | | | 26.78 |
| Account No. GILCH000 <br><br> Sovi Joseph MD PA <br> 3440 Tamiami Trail <br> Ste 1 <br> Port Charlotte, FL 33952 | | W | 1/2008 <br> Medical Expenses | | | | 260.03 |
| Account No. <br><br> St. Joseph Emergency Med <br> 2500 Harbor Blvd. <br> Port Charlotte, FL 33952 | | H | 2009 <br> Medical Expenses | | | | 48.60 |

Sheet no. __18__ of __19__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

335.41

B6F (Official Form 6F) (12/07) - Cont.

In re **Harold Junior Gillispie,**
    **Cheryl Lynn Gillispie**
                                        Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. 601919150069xxxx<br><br>**Thomasville/GEMB**<br>**PO Box 981439**<br>**El Paso, TX 79998** | | H | | 8/2006<br>**Credit card purchases** | | | | 9,440.00 |
| Account No. 32084<br><br>**Triad Radiology LLC**<br>**PO Box 864282**<br>**Orlando, FL 32886** | | W | | 12/2007<br>**Medical Expenses** | | | | 14.54 |
| Account No. 66533<br><br>**Verizon Florida Inc.**<br>**500 Technology Dr**<br>**Weldon Spring, MO 63304** | | J | | December 2008<br>**Utility (Phone, electric, etc.)** | | | | 378.44 |
| Account No.<br><br>**Verizon Florida, Inc.**<br>**PO Box 11328**<br>**Saint Petersburg, FL 33733** | | H | | 2007<br>**Utility (Phone, electric, etc.)** | | | | 366.01 |
| Account No. 446540006765xxxx<br><br>**Wells Fargo Bank**<br>**PO Box 14517**<br>**Des Moines, IA 50306** | | J | | 2013<br>**Credit card purchases** | | | | 250.00 |

Sheet no. __19__ of __19__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal<br>(Total of this page) | 10,448.99 |
|---|---|---|
| | Total<br>(Report on Summary of Schedules) | 186,656.68 |

B6G (Official Form 6G) (12/07)

.

In re    **Harold Junior Gillispie,**                                                      Case No. _____
         **Cheryl Lynn Gillispie**

_____,
                                          Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Pineapple Gulf Properties**<br>**Virginia Avenue**<br>**Englewood, FL 34223** | **51 Tee View Terrace, Rotonda West, FL 33947** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re   **Harold Junior Gillispie,**                                       Case No. _____
         **Cheryl Lynn Gillispie**

                                             Debtors

# SCHEDULE H - CODEBTORS

      Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Justin Gillispie**<br>**51 Tee View Terrace**<br>**Rotonda West, FL 33947** | **Great Lakes Higher Ed**<br>**PO Box 7860**<br>**Madison, WI 53707** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

In re   **Harold Junior Gillispie**
         **Cheryl Lynn Gillispie**                                              Case No. _____
                                         Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Daughter**<br>**Son** | AGE(S):<br>**16**<br>**26** |

| Employment:* | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **Occupational Therapist** |
| Name of Employer | **Disabled** | **Port Charlotte Rehabilitation Ctr** |
| How long employed | | **5 months** |
| Address of Employer | | **25325 Rampart Blvd.**<br>**Punta Gorda, FL 33983** |
| *See Attachment for Additional Employment Information | | |

INCOME:  (Estimate of average or projected monthly income at time case filed)

|  |  | DEBTOR |  | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | **0.00** | $ | **5,077.10** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **0.00** | $ | **5,077.10** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|     a.  Payroll taxes and social security | $ | **0.00** | $ | **846.00** |
|     b.  Insurance | $ | **0.00** | $ | **1,037.00** |
|     c.  Union dues | $ | **0.00** | $ | **0.00** |
|     d.  Other (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **0.00** | $ | **1,883.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **0.00** | $ | **3,194.10** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of<br>    dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance | | | | |
| (Specify):    **Social Security Disability** | $ | **1,663.00** | $ | **0.00** |
|     **VA Disability** | $ | **127.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income | | | | |
| (Specify):    **Hartford Long Term Disability** | $ | **292.50** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **2,082.50** | $ | **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **2,082.50** | $ | **3,194.10** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | **5,276.60** |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**B6I (Official Form 6I) (12/07)**

In re      **Harold Junior Gillispie**                                    Case No. _____
           **Cheryl Lynn Gillispie**
           _____
                        Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Attachment for Additional Employment Information

| Spouse | | |
|---|---|---|
| Occupation | **Occupational Therapist** | |
| Name of Employer | **Peace River Reg Med Ctr** | |
| How long employed | **4 years** | |
| Address of Employer | **2500 Harbor Blvd.** | |
| | **Port Charlotte, FL 33952** | |

B6J (Official Form 6J) (12/07)

In re    **Harold Junior Gillispie**
         **Cheryl Lynn Gillispie**                                          Case No. _____
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 1,125.00 |
| a. Are real estate taxes included? | Yes ___ | No **X** | |
| b. Is property insurance included? | Yes ___ | No **X** | |
| 2. Utilities:    a. Electricity and heating fuel | | $ | 275.00 |
| b. Water and sewer | | $ | 125.00 |
| c. Telephone | | $ | 65.00 |
| d. Other    **See Detailed Expense Attachment** | | $ | 230.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 100.00 |
| 4. Food | | $ | 1,000.00 |
| 5. Clothing | | $ | 200.00 |
| 6. Laundry and dry cleaning | | $ | 75.00 |
| 7. Medical and dental expenses | | $ | 350.00 |
| 8. Transportation (not including car payments) | | $ | 600.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 200.00 |
| 10. Charitable contributions | | $ | 40.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 0.00 |
| b. Life | | $ | 174.00 |
| c. Health | | $ | 0.00 |
| d. Auto | | $ | 322.00 |
| e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 0.00 |
| b. Other    **Badcock & More** | | $ | 121.00 |
| c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other    **See Detailed Expense Attachment** | | $ | 504.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 5,506.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | $ | 5,276.60 |
| b.    Average monthly expenses from Line 18 above | $ | 5,506.00 |
| c.    Monthly net income (a. minus b.) | $ | -229.40 |

**B6J (Official Form 6J) (12/07)**

In re    **Harold Junior Gillispie**
     **Cheryl Lynn Gillispie**                 Case No. _____
                                  Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---|
| Cable/Satellite | $ 130.00 |
| Cell Phone | $ 100.00 |
| **Total Other Utility Expenditures** | $ 230.00 |

**Other Expenditures:**

| | |
|---|---|
| Housekeeping supplies | $ 65.00 |
| Personal care products & services | $ 63.00 |
| Miscellaneous | $ 251.00 |
| Pets (special diet & thyroid pills) | $ 125.00 |
| **Total Other Expenditures** | $ 504.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Middle District of Florida

In re    **Harold Junior Gillispie**
        **Cheryl Lynn Gillispie**                                       Case No. _____

                                           Debtor(s)          Chapter     **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    **36**    sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **August  5, 2013**            Signature    **/s/ Harold Junior Gillispie**
                                                    **Harold Junior Gillispie**
                                                    Debtor

Date   **August  5, 2013**            Signature    **/s/ Cheryl Lynn Gillispie**
                                                     **Cheryl Lynn Gillispie**
                                                    Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Middle District of Florida

In re    Harold Junior Gillispie
    Cheryl Lynn Gillispie                                          Case No.
                                    Debtor(s)                Chapter    7

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$61,219.00** | **2012: Wife Employment Income** |
| **$59,590.00** | **2011: Wife Employment Income** |
| **$32,855.33** | **2013:  YTD Wife Income** |

---

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$21,155.00** | **2012:  Husband Social Security** |

B7 (Official Form 7) (04/13)
2

| AMOUNT | SOURCE |
|---|---|
| **$20,427.00** | **2011: Husband Social Security** |
| **$11,641.00** | **2013: YTD Husband Social Security** |
| **$889.00** | **2013 YTD: Husband VA Pension** |
| **$1,524.00** | **2012: Husband VA Pension** |
| **$1,524.00** | **2011: Husband VA Pension** |
| **$2,047.50** | **2013: YTD Husband Hartford Long Term Disability** |
| **$3,510.00** | **2012: Husband Hartford Long Term Disability** |
| **$3,510.00** | **2011: Husband Hartford Long Term Disability** |

---

### 3. Payments to creditors

None
☐

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Regions Bank**<br>**15000 S Tamiami Trail**<br>**North Port, FL 34287** | **4/10/2013 $385, 4/24/2013 $550, 6/24/2013 $963 - Regions Ready Advance Account xxxxxx4503** | **$1,898.00** | **$0.00** |
| **QVC**<br>**1200 Wilson Drive**<br>**West Chester, PA 19380** | **5/8/2013, 6/8/2013, 7/9/2013** | **$824.25** | **$0.00** |

None
■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

#### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Residential Credit Solutions, Inc. vs. Harold Gillispie and Cheryl Gillispie, Case No. 2013-CA-003635-NC** | **Foreclosure** | **Circuit Court, Sarasota 2000 Main Street Sarasota, FL 34237** | **Pending** |
| **GE Money Bank vs. Cheryl Gillispie, Case No. 2009-CC-004309-NC** | **Civil** | **County Court, Sarasota 2000 Main Street Sarasota, FL 34237** | **Pending** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

#### 5. Repossessions, foreclosures and returns

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

#### 6. Assignments and receiverships

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

#### 7. Gifts

None ■    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

B7 (Official Form 7) (04/13)
4

**8. Losses**

None  ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None  ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Law Offices of Joseph A. Heintz, Jr., P.A. 335 Tamiami Trail Port Charlotte, FL 33953** | **11/1/2012** | **$1,500.00 (inclusive of filing fee)** |
| **Consumer Credit Counseling Svc. of Md or DE, Inc. 757 Frederick Road Baltimore, MD 21228-4503** | | **$10.00** |

**10. Other transfers**

None  ■  a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None  ■  b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11. Closed financial accounts**

None  ☐  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **Regions Bank 15000 S. Tamiami Trail North Port, FL 34287** | **Custodial account for Caitlin L. Gillispie, Account No. xxxxxx8722** | **$2,588.04 - 5/31/2013** |

B7 (Official Form 7) (04/13)
5

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 3730 Crandon Road, North Port, FL  34286 | Harold Junior Gillispie<br>Cheryl Lynn Gillispie | 8/2006 - 10/2010 |

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

B7 (Official Form 7) (04/13)
6

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ■   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ■   b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ■   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ■   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

B7 (Official Form 7) (04/13)
7

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)

8

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  __August  5, 2013__          Signature  __/s/ Harold Junior Gillispie__
                                               __Harold Junior Gillispie__
                                               Debtor


Date  __August  5, 2013__          Signature  __/s/ Cheryl Lynn Gillispie__
                                               __Cheryl Lynn Gillispie__
                                               Joint Debtor


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Middle District of Florida

In re **Harold Junior Gillispie**
**Cheryl Lynn Gillispie**
_____
Debtor(s)

Case No. _____

Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
| --- | --- |
| **Creditor's Name:**<br>**Badcock & More** | **Describe Property Securing Debt:**<br>**Sofa $500, recliner $150** |

Property will be (check one):
- ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt                    ☐ Not claimed as exempt

| Property No. 2 | |
| --- | --- |
| **Creditor's Name:**<br>**Residential Credit Solutions** | **Describe Property Securing Debt:**<br>**3730 Crandon Road, North Port, FL  34286 a/k/a LOT 4 BLK 1184 REPLAT OF PORTION OF 17TH & 19TH ADDS TO PORT CHARLOTTE** |

Property will be (check one):
- ■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt                    ■ Not claimed as exempt

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
| --- | --- | --- |
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES            ☐ NO |

B8 (Form 8) (12/08)                                                              Page 2

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   __August  5, 2013__                    Signature   **/s/ Harold Junior Gillispie**
                                                           **Harold Junior Gillispie**
                                                           Debtor


Date   __August  5, 2013__                    Signature   **/s/ Cheryl Lynn Gillispie**
                                                           **Cheryl Lynn Gillispie**
                                                           Joint Debtor

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Middle District of Florida

In re    **Harold Junior Gillispie**
**Cheryl Lynn Gillispie**        Case No. _____

Debtor(s)      Chapter    **7** _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| **Harold Junior Gillispie**<br>**Cheryl Lynn Gillispie** | X   **/s/ Harold Junior Gillispie**      **August 5, 2013** |
| Printed Name(s) of Debtor(s) | Signature of Debtor        Date |
| | |
| Case No. (if known) _____ | X   **/s/ Cheryl Lynn Gillispie**      **August 5, 2013** |
| | Signature of Joint Debtor (if any)      Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

**United States Bankruptcy Court**
**Middle District of Florida**

In re    **Harold Junior Gillispie**
       **Cheryl Lynn Gillispie**

                 Debtor(s)

Case No. _____

Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **August  5, 2013**            **/s/ Harold Junior Gillispie**
                                         **Harold Junior Gillispie**
                                         Signature of Debtor

Date:    **August  5, 2013**            **/s/ Cheryl Lynn Gillispie**
                                         **Cheryl Lynn Gillispie**
                                         Signature of Debtor

.

Harold Junior Gillispie
51 Tee View Terrace
Rotonda West, FL 33947

Ally Financial
PO Box 380901
Minneapolis, MN 55438-0901

Bruce Kruglick, M.D.
c/o Sarasota Memorial Health
1700 S. Tamiami Trail
Sarasota, FL 34239

Cheryl Lynn Gillispie
51 Tee View Terrace
Rotonda West, FL 33947

Alvaro R. Bada, MD, PA

Capio Partners
2222 Texoma Pkwy
Ste 150
Sherman, TX 75091

Joseph A. Heintz Jr., P.A.
The Law Offices of Joseph A. Heintz Jr., P.A.
335 Tamiami Trail
Port Charlotte, FL 33953

Ameripath SW Florida
1620 Medical Ln
Ste 100
Fort Myers, FL 33907

Capital Managemen
726 Exchange St
Suite 700
Buffalo, NY 14210

Academy Collection Serv
10965 Decatur Rd.
Philadelphia, PA 19154

Arrow Financial Services
5996 W. Touhy Ave
Niles, IL 60714-4610

Capital Management Services
726 Exchange St
Suite 700
Buffalo, NY 14210

Advanced Imaging
2625 Tamiami Trail STE 1
Port Charlotte, FL 33952

Asset Acceptance
PO Box 1630
Warren, MI 48090

Capital One
PO Box 30281
Salt Lake City, UT 84130

AFNI, Inc.
404 Brock Dr.
PO Box 3427
Bloomington, IL 61702-3517

Asset Recovery Solutions
PO Box 1022
Wixom, MI 48393-1022

CBCS
236 East Town Street
Columbus, OH 43215

Allianceone Receivables Mgt
1160 Centre Pointe Dr.
Suite #1
Mendota Heights, MN 55120

AT&T Credit Management Ctr
PO Box 80701
Charleston, SC 29416

Charlotte Harbor Anesthesia
PO Box 20042
Saint Petersburg, FL 33742

Allied Interstate
435 Ford Road
Minneapolis, MN 55426

ATT Mobility
PO Box 536216
Atlanta, GA 30353

Charlotte Orthopaedic Clinic
4161 Tamiami Trail
Port Charlotte, FL 33952

Allied Interstate
PO Box 361533
Columbus, OH 43236-1533

Badcock & More
PO Box 1034
Mulberry, FL 33860

Charlotte Regional Med Ctr
809 E. Marion Avenue
Punta Gorda, FL 33950

Chase Bank USA
P.O. Box 15298
Wilmington, DE 19850-5298

DCS
333 N. Canyons Pkwy
Ste 100
Livermore, CA 94551-7661

Erskine & Fleisher
Suite 300
55 Weston Road
Fort Lauderdale, FL 33326-1112

Chase Bank/Washington Mutual
800 Brooksedge Blvd.
Westerville, OH 43081

Direct Merchants Bank
PO Box 29468
Phoenix, AZ 85038-9468

Eye Glass World
2241 Tamiami Trail
Port Charlotte, FL 33948

Citi Cards CBSDNA
PO Box 6500
c/o Citi Corp
Sioux Falls, SD 57117-6500

Direct TV
PO Box 538605
Atlanta, GA 30353-8605

Financial Corp of America
12515 Research Park Loop
Austin, TX 78759

Citi/CBSD
PO Box 22064
Tempe, AZ 85285

Dr. Mark S. Tracy
3028 Carring Way
St. 9
Port Charlotte, FL 33952

Financial Recovery Serv Inc
PO Box 385908
Minneapolis, MN 55438-5908

Citibank
Customer Service
PO Box 6500
Sioux Falls, SD 57117

Elizabeth F. Callahan, MD
5911 N. Honore Ave
Sarasota, FL 34243

Florida Cancer Specialists
4371 Veronica S. Shoemaker
Blvd.
Fort Myers, FL 33916

Citifinancial
300 Saint Paul St
BSP13A
Baltimore, MD 21202-2120

Elvin Mendez MD PA
3410 Tamiami Trail
Port Charlotte, FL 33952

Florida Regional Emergency
Associates
PO Box 919098
Orlando, FL 32891-9098

Citifinancial
Bankruptcy Department
PO Box 140069
Irving, TX 75014-0069

Encore Receivable Mgt Inc
400 N. Rogers Rd.
PO Box 3330
Olathe, KS 66063-3330

Gary Bonner, MD

Citifinancial Retail Svcs
PO Box 22060
Tempe, AZ 85285-2060

Enhanced Recovery
8014 Bayberry Rd.
Jacksonville, FL 32256

GE Money Bank/Bankruptcy
PO Box 103104
Roswell, GA 30076

Complete Collection Service
1007 N. Federal Hwy.
Ste 280
Fort Lauderdale, FL 33304-1422

EOS CCA
700 Longwater Dr
Norwell, MA 02061

GECRB/Bankruptcy
PO Box 103104
Roswell, GA 30076

GMAC
PO Box 7041
Troy, MI 48007-7041

Gulf Coast Optometry
2241 Tamiami Trail
Port Charlotte, FL 33948

HSBC Card Services
P.O. Box 5241
Carol Stream, IL 60197-5241

Gold Key Credit, Inc.
PO Box 15670
Brooksville, FL 34604-0122

HFC
PO Box 5608
Glendale Heights, IL 60139

IC Systems Collections
PO Box 64378
Saint Paul, MN 55164-0378

Great Lakes Higher Ed
PO Box 7860
Madison, WI 53707

HFC Member HSBC Group
PO Box 18054
Hauppauge, NY 11788

J. A. Cambrece Law Office
8 Bourbon Street
Peabody, MA 01960

Gulf Coast Collection
5630 Marquesas Circle
Sarasota, FL 34233

Home Depot Credit Services
PO Box 653000
Dallas, TX 75265-3000

Kay O'Leary, DDS
2286 Tamiami Trail
Port Charlotte, FL 33952

Gulf Coast Collection
5690 Marquesas Cir
Sarasota, FL 34233

Household Bank Mastercard
PO Box 96706
Las Vegas, NV 89193

Law Office of Mitchell
Bluhm & Associates
2222 Texoma Pkwy
Ste 150
Sherman, TX 75091

Gulf Coast Collection
5690 Marquesas Cir
Sarasota, FL 34233-3331

Household Credit Svs
PO Box 98706
Las Vegas, NV 89193

Law Offices of Mann
Bracken, LLP
5355 Town Center Rd.
Ste 1002
Boca Raton, FL 33486

Gulf Coast Collection Bureau
5630 Marquesas Cir
Sarasota, FL 34233

Household Finance Corp.
1421 Kristina Way
Chesapeake, VA 23320-8917

Light Ideas, Inc.
1089 B. Tamiami Trail
Port Charlotte, FL 33953

Gulf Coast Collection Bureau
5630 Marquesas Cir
Sarasota, FL 34233-3331

HSBC Bank
PO Box 5222
Carol Stream, IL 60197-5222

LVNV Funding LLC
PO Box 10497
Greenville, SC 29603

Gulf Coast Emergency Phys
PO Box 12370
Oklahoma City, OK 73157-2370

HSBC Bank
PO Box 5253
Carol Stream, IL 60197

LVNV Funding LLC
PO Box 10497
Greenville, SC 29603-0584

LVNV Funding LLC
PO Box 10584
Greenville, SC 29603

Moffitt Medical Group
PO Box 198441
Atlanta, GA 30384

New York Community Bank
1801 E 9th St
Ste 200
Cleveland, OH 44114

MACD, Inc.
134 S. Tampa St
Tampa, FL 33602-5354

NACC
1 Allied Dr
Feasterville Trevose, PA 19053

North Port Emergency Assoc.
PO Box 919274
Orlando, FL 32891

MCM, Inc.
8875 Aero Dr.
Ste 200
San Diego, CA 92123

National American Credit
PO Box 803
Langhorne, PA 19047

Northland Group
PO Box 390846
Minneapolis, MN 55439

Mercantile Adjustment Bureau
PO Box 9016
Buffalo, NY 14231-9016

National Credit, Inc.
3600 E. University Dr.
Ste B1350
Phoenix, AZ 85034-7296

Northport Emergency Assoc.
PO Box 919274
Orlando, FL 32891-9274

Merchants Assoc Coll Div
PO Box 972
Tampa, FL 33602

NCB Management Svs.
1 Allied Dr
Trevose, PA 19053

Panther Haollow Denal Lodge
19240 Quesada
Port Charlotte, FL 33948

Merchants Assoc Collection
134 S. Tampa St
Tampa, FL 33602

NCO Financial
PO Box 13584
Philadelphia, PA 19101

Paradise Dental
17840 Toledo Blade Blvd.
Suite A
Port Charlotte, FL 33948

Midland Funding LLC
8875 Aero Dr
STE 200
San Diego, CA 92123

NCO Financial
PO Box 1187
Lilburn, GA 30048-1187

Paragon Revenue Group
216 Le Phillip Ct.
Concord, NC 28025-2954

Mitchell D. Bluhm & Assoc.
2222 Texoma Pkwy
Ste 160
Sherman, TX 75090

NCO Financial Systems, Inc.
2360 Campbell Creek
Ste 500
Richardson, TX 75082

Patricia A. Jasionowski MD
21229 Olean Blvd.
Suite C
Port Charlotte, FL 33952

Moffit Cancer Center
PO Box 100115
Atlanta, GA 30384-0115

NES
29125 Solon Rd
Solon, OH 44139

Patricia Scott, DDS
3443 A Tamiami Trail
Port Charlotte, FL 33952

Peace River Reg Med Ctr
PO Box 494820
Port Charlotte, FL 33949

Professional Adjmnt Corp
14410 Metropolis Ave
Fort Myers, FL 33912

Silver & Associates
One Allied Drive
PO Box 445
Feasterville Trevose, PA 19053

Peace River Reg Med Ctr
2500 Harbor Blvd.
Port Charlotte, FL 33952

Professional Recovery Serv
PO Box 1880
Voorhees, NJ 08043

Skinsmart Dermatology
5911 N. Honore Avenue
Suite 210
Sarasota, FL 34243

People First Recoveries
2080 Elm St SE
Minneapolis, MN 55414

Protocol Recovery Service
509 Mercer Ave
Panama City, FL 32401

SMH Radiology Assoc PA
PO Box 919084
Orlando, FL 32891-9084

Physicians Asset Recovery
PO Box 57910
Jacksonville, FL 32241-7910

Receivable Solutions, Inc.
PO Box 6678
Columbia, SC 29260

Southwest Credit
4120 International Pkwy.
Ste 1100
Carrollton, TX 75007

Pin Point Radiology
PO Box 1259
Oaks, PA 19456

Redline Recovery
2350 N. Forest Rd.
Ste 31B
Getzville, NY 14068

Sovi Joseph MD PA
3440 Tamiami Trail
Ste 1
Port Charlotte, FL 33952

Pineapple Gulf Properties
Virginia Avenue
Englewood, FL 34223

Regions Bank
PO Box 11007
Birmingham, AL 35288-0002

St. Joseph Emergency Med
2500 Harbor Blvd.
Port Charlotte, FL 33952

Precision Water Services, In
4881 Globe Terrace
North Port, FL 34286

Residential Credit Solutions
4282 North Fwy
Fort Worth, TX 76137

Thomasville/GEMB
PO Box 981439
El Paso, TX 79998

Preferred CMS
PO Box 2964
Tampa, FL 33601-2964

Richard E. Wereman
Radiologist
1700 S. Tamiami Trail
Sarasota, FL 34239

Triad Radiology LLC
PO Box 864282
Orlando, FL 32886

Preferred CMS, Inc.
PO Box 2964
Tampa, FL 33601-2964

Sarasota Memorial Hospital
1700 S. Tamiami Trail
Sarasota, FL 34239

United Recovery Systems
Contact Center
5800 N. Course Dr.
Houston, TX 77072

US Dept of Education
2401 International
PO Box 7859
Madison, WI 53704


Vengroff, Williams &
Associates, Inc.
PO Box 4155
Sarasota, FL 34230-4155


Verizon Florida Inc.
500 Technology Dr
Weldon Spring, MO 63304


Verizon Florida, Inc.
PO Box 11328
Saint Petersburg, FL 33733


Wells Fargo Bank
PO Box 14517
Des Moines, IA 50306


Wolpoff & Abrams, LLP
5355 Town Center Rd.
Ste 1002
Boca Raton, FL 33486


Wolpoff & Abramson, LLP
5355 Town Center Road
Ste 1002
Boca Raton, FL 33486

# United States Bankruptcy Court
## Middle District of Florida

In re     **Harold Junior Gillispie**
          **Cheryl Lynn Gillispie**

                                                    Case No.
                                    Debtor(s)       Chapter          **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

     For legal services, I have agreed to accept                          $            **1,194.00**

     Prior to the filing of this statement I have received                $            **1,194.00**

     Balance Due                                                          $                **0.00**

2.   The source of the compensation paid to me was:

     ■ Debtor          ☐ Other (specify):

3.   The source of compensation to be paid to me is:

     ■ Debtor          ☐ Other (specify):

4.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
     e.   [Other provisions as needed]
          **I have not agreed to share the above disclosed compensation with any other person unless they are members or associates of my law firm. However, there exists the possibility that should a scheduling conflict arise, I may employ the services of attorney A. Paul Molle' to attend the Section 341 Meeting of Creditors ( with prior client approval ) and he would be compensated at a flat fee of $50.00.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:     **August  5, 2013**                    **/s/ Joseph A. Heintz Jr., P.A.**
                                                    **Joseph A. Heintz Jr., P.A. 0256020**
                                                    **The Law Offices of Joseph A. Heintz Jr., P.A.**
                                                    **335 Tamiami Trail**
                                                    **Port Charlotte, FL 33953**
                                                    **(941)206-2228   Fax: (941)206-2229**
                                                    **jheintz@jheintzlaw.com**

---

B22A (Official Form 22A) (Chapter 7) (04/13)

| | |
|---|---|
| In re **Harold Junior Gillispie** **Cheryl Lynn Gillispie** | According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement): |
| Debtor(s) | ☐ **The presumption arises.** |
| Case Number: | ■ **The presumption does not arise.** |
| (If known) | ☐ **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor.  If none of the exclusions in Part I applies, joint debtors may complete one statement only.  If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

## Part I. MILITARY AND NON-CONSUMER DEBTORS

| | |
|---|---|
| 1A | **Disabled Veterans.**  If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. ☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.**  If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. ☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.**  Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which  your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends**. ☐ **Declaration of Reservists and National Guard Members.**  By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard       a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and           ☐ I remain on active duty /or/           ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;         OR       b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/           ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (04/13)    2

| | Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ■ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 5,094.60 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts — Debtor $ 0.00 — Spouse $ 0.00<br>b. Ordinary and necessary business expenses — Debtor $ 0.00 — Spouse $ 0.00<br>c. Business income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts — Debtor $ 0.00 — Spouse $ 0.00<br>b. Ordinary and necessary operating expenses — Debtor $ 0.00 — Spouse $ 0.00<br>c. Rent and other real property income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00 — Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. **VA Disability** — Debtor $ 127.00 — Spouse $ 0.00<br>b. **Hartford Insurance Company -LTD payments** — Debtor $ 292.50 — Spouse $ 0.00<br><br>Total and enter on Line 10 | $ 419.50 | $ 0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 419.50 | $ 5,094.60 |

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                                    3

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ | **5,514.10** |
|---|---|---|---|

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ | **66,169.20** |
|---|---|---|---|

| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence: **FL**   b. Enter debtor's household size: **4** | $ | **65,260.00** |
|---|---|---|---|

| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br> ☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br> ■ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. |
|---|---|

### Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | $ | **5,514.10** |
|---|---|---|---|

| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | |
|---|---|---|---|
| | a. _____  $ _____ <br> b. _____  $ _____ <br> c. _____  $ _____ <br> d. _____  $ _____ <br> Total and enter on Line 17 | $ | **0.00** |

| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | $ | **5,514.10** |
|---|---|---|---|

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | **1,465.00** |
|---|---|---|---|

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are  under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | |
|---|---|---|---|

| | Persons under 65 years of age | | Persons 65 years of age or older | | | |
|---|---|---|---|---|---|---|
| a1. | Allowance per person | 60 | a2. | Allowance per person | 144 | |
| b1. | Number of persons | 4 | b2. | Number of persons | 0 | |
| c1. | Subtotal | 240.00 | c2. | Subtotal | 0.00 | $  **240.00** |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**  Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ | **566.00** |
|---|---|---|---|

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                4

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 1,367.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ 0.00 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 1,367.00 |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ 0.00 |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.**<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0   ☐ 1   ■ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 488.00 |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 0.00 |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below,  the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 0.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 0.00 |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | |
|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ 0.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 0.00 |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 830.00 |
|---|---|---|

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                          5

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ | 0.00 |
|---|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ | 236.00 |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ | 0.00 |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | 0.00 |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ | 0.00 |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ | 0.00 |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | 0.00 |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ | 5,192.00 |

<table>
<tr><td colspan="4" align="center">**Subpart B: Additional Living Expense Deductions**<br>**Note: Do not include any expenses that you have listed in Lines 19-32**</td></tr>
</table>

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|---|---|---|---|

| a. | Health Insurance | $ | 956.00 |
|---|---|---|---|
| b. | Disability Insurance | $ | 108.00 |
| c. | Health Savings Account | $ | 0.00 |

| | Total and enter on Line 34. | $ | 1,064.00 |
|---|---|---|---|

**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:

$_____

| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ | 0.00 |
|---|---|---|---|
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 0.00 |

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ 0.00 |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ 0.00 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ 1,064.00 |

### Subpart C: Deductions for Debt Payment

<table>
<tr><td rowspan="3">42</td><td colspan="2"><b>Future payments on secured claims.</b> For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42.</td><td></td></tr>
<tr><td colspan="2">

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | **Badcock & More** | **Sofa $500, recliner $150** | $ 28.23 | ☐ yes ■ no |
| | | | Total: Add Lines | |

</td><td></td></tr>
<tr><td></td><td></td><td>$ 28.23</td></tr>

<tr><td rowspan="2">43</td><td colspan="2"><b>Other payments on secured claims.</b> If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.</td><td></td></tr>
<tr><td colspan="2">

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | **-NONE-** | | $ |
| | | | Total: Add Lines |

</td><td>$ 0.00</td></tr>

<tr><td>44</td><td colspan="2"><b>Payments on prepetition priority claims.</b> Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. <b>Do not include current obligations, such as those set out in Line 28.</b></td><td>$ 0.00</td></tr>

<tr><td rowspan="2">45</td><td colspan="2"><b>Chapter 13 administrative expenses.</b> If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense.</td><td></td></tr>
<tr><td colspan="2">

| a. | Projected average monthly chapter 13 plan payment. | $ 0.00 |
|---|---|---|
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 5.20 |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

</td><td>$ 0.00</td></tr>

<tr><td>46</td><td colspan="2"><b>Total Deductions for Debt Payment.</b> Enter the total of Lines 42 through 45.</td><td>$ 28.23</td></tr>
</table>

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ 6,284.23 |
|---|---|---|

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ 5,514.10 |
|---|---|---|
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ 6,284.23 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ -770.13 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ -46,207.80 |

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                    7

| | |
|---|---|
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 51 is less than $7,475***. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $12,475*** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,475\*, but not more than $12,475\*.** Complete the remainder of Part VI (Lines 53 through 55). |
| 53 | Enter the amount of your total non-priority unsecured debt     $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result.     $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| | |
|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date:    **August 5, 2013**       Signature: **/s/ Harold Junior Gillispie**<br>                                               **Harold Junior Gillispie**<br>                                                   *(Debtor)*<br><br>Date:    **August 5, 2013**       Signature   **/s/ Cheryl Lynn Gillispie**<br>                                               **Cheryl Lynn Gillispie**<br>                                                   *(Joint Debtor, if any)* |

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **02/01/2013** to **07/31/2013**.

**Line 10 - Income from all other sources**
Source of Income: **VA Disability**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 02/2013 | $127.00 |
| 5 Months Ago: | 03/2013 | $127.00 |
| 4 Months Ago: | 04/2013 | $127.00 |
| 3 Months Ago: | 05/2013 | $127.00 |
| 2 Months Ago: | 06/2013 | $127.00 |
| Last Month: | 07/2013 | $127.00 |
| | Average per month: | $127.00 |

**Line 10 - Income from all other sources**
Source of Income: **Hartford Insurance Company -LTD payments**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 02/2013 | $292.50 |
| 5 Months Ago: | 03/2013 | $292.50 |
| 4 Months Ago: | 04/2013 | $292.50 |
| 3 Months Ago: | 05/2013 | $292.50 |
| 2 Months Ago: | 06/2013 | $292.50 |
| Last Month: | 07/2013 | $292.50 |
| | Average per month: | $292.50 |

**Non-CMI - Social Security Act Income**
Source of Income: **Social Security Disability**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | 02/2013 | $1,663.00 |
| 5 Months Ago: | 03/2013 | $1,663.00 |
| 4 Months Ago: | 04/2013 | $1,663.00 |
| 3 Months Ago: | 05/2013 | $1,663.00 |
| 2 Months Ago: | 06/2013 | $1,663.00 |
| Last Month: | 07/2013 | $1,663.00 |
| | Average per month: | $1,663.00 |

B22A (Official Form 22A) (Chapter 7) (04/13)                                                                 9

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **02/01/2013** to **07/31/2013**.

**Line 3 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Port Charlotte Rehabilitation**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **02/2013** | **$4,535.14** |
| 5 Months Ago: | **03/2013** | **$4,845.77** |
| 4 Months Ago: | **04/2013** | **$5,262.89** |
| 3 Months Ago: | **05/2013** | **$4,659.38** |
| 2 Months Ago: | **06/2013** | **$4,863.50** |
| Last Month: | **07/2013** | **$6,295.93** |
| | Average per month: | **$5,077.10** |

**Line 3 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Peace River Regional Medical Center**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **02/2013** | **$0.00** |
| 5 Months Ago: | **03/2013** | **$0.00** |
| 4 Months Ago: | **04/2013** | **$0.00** |
| 3 Months Ago: | **05/2013** | **$0.00** |
| 2 Months Ago: | **06/2013** | **$0.00** |
| Last Month: | **07/2013** | **$105.00** |
| | Average per month: | **$17.50** |